S12Y0365. IN THE MATTER OF SCOTT M. HERRMANN.
(727 SE2d 497)

PER CURIAM.

This matter is before the Court on the Notice of Discipline filed by the State Bar against Respondent Scott M. Herrmann (State Bar No. 349345) charging him with violating Rules 1.15 (I), 1.15 (II), 8.4 and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The State Bar is seeking Herrmann's disbarment, which is the maximum punishment for violating Rules 1.15 (I), 1.15 (II), or 8.4.

Herrmann, who only provided a post office box address to the Membership Department, failed to acknowledge service within 20 days of the Notice of Discipline having been mailed to his post office box. Accordingly, he was properly served by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). He failed to file a Notice of Rejection and therefore is in default, has no right to an evidentiary hearing, and is subject to such discipline as may be determined by this Court, see Bar Rule 4-208.1 (b).

By virtue of his default, Herrmann, who has been a member of the State Bar since 1993, admits that a client retained him in October 2006 for representation in business-related litigation. In 2010, the client authorized Herrmann to settle the litigation for $375,000. Herrmann did so and received the funds on the client's behalf. The client directed Herrmann to retain $45,000 as legal fees; to distribute $30,000 to a third party; and to distribute the balance of $300,000 to the client's bank as payment on a loan. Herrmann did not deliver the $300,000 payment to the client's bank for two months and wholly failed to distribute the $30,000 to the third party. Herrmann has failed to account for the $30,000. Instead, he withdrew those funds for his own use and converted them. Herrmann, who was served by publication with a Notice of Investigation in connection with this matter, failed to respond. The State Bar set out no factors in mitigation, but noted in aggravation that Herrmann has significant experience in the practice of law and that his dishonest conduct caused the client to suffer significant financial harm.

Based on our review of the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, the name of Scott M. Herrmann hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 7, 2012.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.